UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BOLARINWA SALAU,

              Plaintiff

v.

MICHAEL KUNES, et al.,

              Defendant.

CIVIL ACTION NO. 3:26-CV-00161

(MEHALCHICK, J.)

**ORDER**

Before the Court are Petitioner Bolarinwa Salau's ("Salau") motion for an expedited summary judgment order (Doc. 12); motion for status conference (Doc. 13); and motion for reconsideration. (Doc. 14). Salau commenced this action on January 23, 2026 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, requesting that Respondents Michael Kunes, Assistant Office Director of the ICE ERO Williamsport Sub-Office, and Kristi Noem (together "Respondents") provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 1). On April 7, 2026, the Court denied Salau's petition because it was duplicative of another petition for writ of habeas corpus Salau filed with the Court on December 1, 2025, that is currently before the Third Circuit on appeal. (Doc. 11); *Salau v. Hoover*, No. 3:25-CV-2295, Dkt. No. 1 (M.D. Pa. Jan. 7, 2026); *appeal filed sub nom.*, *Salay v. Warden*, No. 26-1105 (3d Cir. March 3, 2026).

On April 13, 2026, Salau filed a motion for expedited summary judgment order for habeas petition (Doc. 12) and a motion for a status conference or request for ruling (Doc. 13), requesting that the Court provide a status update or an expedited ruling on his January 23 habeas petition. The Court screened Salau's January 23 habeas petition, determined that it is

duplicative of Salau's December 1 petition, and denied the January 23 petition without prejudice on April 7, 2026. (Doc. 11). Therefore, Salau's motion for expedited summary judgment (Doc. 12) and motion for a status conference (Doc. 13) are **DENIED as moot**.

On April 21, 2026, Salau filed a motion for reconsideration (Doc. 14), requesting that the Court amend its order denying his January 23 petition. (Doc. 11). Salau contends that the Court made manifest effort in denying Salau's January 23 petition. (Doc. 14, at 1). Salau reasserts that he should be detained under 8 U.S.C. § 1226(a), not 8 U.S.C. § 1226(c) because his notice to appear states that he is charged with overstaying his visa, not committing a crime of moral turpitude. (Doc. 14, at 2). Salau also contends that his January 23 petition is not duplicative of his December 10 petition because his January 23 petition "strongly maintains and clarif[ies]. . . the constitutional deficiency and lack of procedural safeguards in his November 18, 2025 bond hearing." (Doc. 14, at 2).

To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court...[rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Salau contends that reconsideration is warranted based on an intervening change in controlling law and to correct manifest error of law and fact. (Doc. 14, at 1). However, Salau does not provide any changes in controlling law between when he filed his petition and his motion for reconsideration. (*See* Doc. 14). A motion for reconsideration is "extremely limited" in scope and may not be used "as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Given courts' preference for finality,

"motion[s] for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

The prohibition against successive petitions filed under 28 U.S.C. § 2254 or 28 U.S.C. § 2255 does not apply to petitions for habeas corpus filed in the immigration context under 8 28 U.S.C. § 2241; however, the abuse of writ doctrine may apply to bar successive immigration habeas petitions. *Zayas v. I.N.S.*, 311 F.3d 247, 255-56 (3d Cir. 2002); *Abdel-Whab v. Secretary of Dept. of Homeland Sec.*, 132 F. App'x 988, 989-90 (3d Cir. 2005). A successive immigration habeas petition, "which raises grounds identical to those raised and rejected on the merits, need not be entertained." *Esogbue v. Holmes*, 142 F. App'x 98, 100 (3d Cir. 2005) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). When a petitioner fails to indicate any new claims or provide an explanation for failing to raise such issues in his first habeas petition, a successive § 2241 petition is properly dismissed as an abuse of the writ. *Abdel-Whab*, 132 Fed. App'x at 990 (citing *Zayas*, 311 F.3d at 258).

The issue of whether Salau is properly detained under 8 U.S.C. § 1226(a) or § 1226(c) and is entitled to a bond hearing is central to both the December 10 petition and January 23 petition filed before the Court under separate docket numbers. (Doc. 1, at 1-2); *Salau v. Hoover*, No. 3:25-CV-2295, Dkt. No. 1, at 1-2 (M.D. Pa. Jan. 7, 2026); *appeal filed sub nom.*, *Salay v. Warden*, No. 26-1105 (3d Cir. March 3, 2026). In the December 10 petition, Salau provides that he is "detained under 8 U.S.C. § 1226(a) according to [his] Notice to Appear . . . but was vindictively denied [his] bond/liberty by the Immigration Judge and the ICE agency using 8 U.S.C. 1226(c) as determinant factors." *Salau v. Hoover*, No. 3:25-CV-2295, Dkt. No. 1, at 1 (M.D. Pa. Jan. 7, 2026); *appeal filed sub nom.*, *Salay v. Warden*, No. 26-1105 (3d Cir. March 3, 2026). In the January 23 petition, Salau provides that "the burden of proof was

3

unconstitutionally applied to [him] at his § 1226(a) bond hearing such that his due process rights were violated." (Doc. 1, at 4). In both petitions, Salau contends that he should be detained under § 1226(a) and that in accordance with constitutional requirements, the burden of proof for his bond hearing should be on the government to show that Salau is a danger or a flight risk. (Doc. 1, at 3); *Salau v. Hoover*, No. 3:25-CV-2295, Dkt. No. 1, at 4 (M.D. Pa. Jan. 7, 2026); *appeal filed sub nom.*, *Salay v. Warden*, No. 26-1105 (3d Cir. March 3, 2026). While in the January 23 petition, Salau raises that the immigration judge violated his first amendment right, in addition to his due process right, to a fair § 1226(a) bond hearing, Salau does not provide an explanation for failing to raise first amendment issue in his first habeas petition. *See Abdel-Whab*, 132 Fed. App'x at 990. (finding petition was successive despite new constitutional violations because petitioner failed to provide reasons for failing to raise such issues in his first habeas petition).

On January 7, 2026, the Court found that Salau falls within the ambit of § 1226(c) and is not entitled to a bond hearing, as a noncitizen who is inadmissible by reason of having committed identity theft, a crime of moral turpitude. *Salau v. Hoover*, No. 3:25-CV-2295, Dkt. No. 14 (M.D. Pa. Jan. 7, 2026); *appeal filed sub nom.*, *Salay v. Warden*, No. 26-1105 (3d Cir. March 3, 2026). The Court's January 7, 2026 order is currently on appeal before the Third Circuit to determine whether Salau should be detained under § 1226(a), whether Salau is entitled to a bond hearing, and the proper standard of proof to be applied at such a bond hearing. *Salau v. Hoover*, No. 3:25-CV-2295, Dkt. No. 1, at 4 (M.D. Pa. Jan. 7, 2026); *appeal filed sub nom.*, *Salay v. Warden*, No. 26-1105 (3d Cir. March 3, 2026). As Salau's December 10 and January 23 petitions raise the same claims that have already been rejected on the merits and are on appeal, the January 23 petition is successive and "need not be entertained" by the

Court. *See Esogbue*, 142 F. App'x at 100; *Zayas*, 311 F.3d at 255-56; *Abdel-Whab*, 132 F. App'x at 989-90. Salau attempts to re-litigate his December 10 habeas petition with a successive petition and motion for reconsideration. (Doc. 1; Doc. 14); *Salau v. Hoover*, No. 3:25-CV-2295, Dkt. No. 14 (M.D. Pa. Jan. 7, 2026); *appeal filed sub nom.*, *Salay v. Warden*, No. 26-1105 (3d Cir. March 3, 2026). The Court shall not entertain Salau's duplicative petition while the Third Circuit determines the nearly identical issues of Salau's first, December 10 habeas petition. Accordingly, Salau's motion for reconsideration (Doc. 14) is **DENIED without prejudice.** *See Blystone*, 664 F.3d at 415; *see Zayas*, 311 F.3d at 255-56.

**Dated: May 19, 2026**                              *s/ Karoline Mehalchick*
                                                     **KAROLINE MEHALCHICK**
                                                     **United States District Judge**